UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES DENNARD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BROOKE ROLLINS, Secretary of Agriculture et al.,<br><br>Defendants. | Civil Action No. 25-0879 (ACR) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Upon consideration of Plaintiffs' Motion for Preliminary Injunction, the declarations and exhibits submitted in support, any opposition and reply, the record, and argument of counsel, the Court finds that Plaintiffs have demonstrated a likelihood of success on the merits, a likelihood of irreparable harm absent preliminary relief, that the balance of equities favors preliminary relief, and that preliminary relief serves the public interest.

Accordingly, it is hereby:

**ORDERED** that Plaintiffs' Motion for Preliminary Injunction is **GRANTED**, it is further ORDERED that:

A. Defendants United States Department of Agriculture and Brooke Rollins, in her official capacity as Secretary of Agriculture, and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, shall preserve not less than $100 million, or such other amount as USDA's accounting identifies as available, in remaining,

unobligated, recaptured, restored, terminated, reallocated, or otherwise available funds connected to ARPA Section 1006, IRA Section 22006, IRA Section 22007/DFAP, Increasing Land, Capital, and Market Access Program funds, land-access relief, discrimination-relief, farm-credit relief, debt-relief, or related USDA/FSA remedial funds pending further order of this Court.

B. Defendants shall not transfer, exhaust, close out, reprogram, dissipate, award, or otherwise dispose of such funds in a manner that would moot Plaintiffs' claims, prevent meaningful judicial review, or exclude eligible farmers, heirs, estates, or farmer-owned entities who experienced USDA farm-lending discrimination, including Plaintiffs and Georgia One members, from meaningful consideration for available relief.

C. Within [14] days of this Order, USDA shall file and serve an accounting identifying, by program and fund source, all funds appropriated, obligated, unobligated, recaptured, restored, terminated, transferred, awarded, paid, closed out, reprogrammed, or otherwise available for land-access, discrimination-relief, farm-credit, debt-relief, Section 22006, Section 22007/DFAP, ARPA Section 1006, ILCMAP, and related remedial purposes.

D. USDA shall preserve all records, applications, scoring materials, denial materials, appeal materials, loan-account records, Section 22006 records, Section 22007/DFAP records, tax-reporting records, lender-payment records, foreclosure records, loss-claim records, correspondence, contracts, guidance, data, and communications relevant to Plaintiffs, Corey Lea Inc., Georgia One, Georgia One members, heirs, estates, and similarly situated applicants.

E. USDA shall not rely on the absence of records, transfer of records, destruction of records, or closure of program files occurring after notice of this action to deny meaningful review, accounting, reconsideration, reprocessing, or equitable relief.

F. Nothing in this Order requires USDA to make final payment determinations or award final monetary relief before merits review. This Order preserves the status quo, preserves funds and records, and preserves the Court's ability to order meaningful relief after adjudication.

G. The Court waives bond or, alternatively, requires a nominal bond in the amount of $5.00.

This ORDER shall remain in effect in until further ordered by this Court.

It is SO ORDERED.

Dated: __________, 2026

______________________________

The HON. ANA C. REYES

UNITED STATES DISTRICT JUDGE